IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT J. TRETOLA, M.D.,**

    **Plaintiff,**

    v.

**REBECCA L. TRETOLA, et al.,**

    **Defendants.**

Case No. 2:13-cv-358
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings: a motion to dismiss (ECF No. 4) filed by Defendant Sheila Minnich; a motion to dismiss filed by Defendants Sheila Minnich and Rebecca Tretola (ECF No. 6); a memorandum in opposition (ECF No. 8) filed by Plaintiff, Dr. Robert Tretola; and a reply memorandum (ECF No. 11) filed by Sheila Minnich and Rebecca Tretola.  The Court finds the motions to dismiss well taken.

### I.    Background

This case arises out of an action currently pending before the Court of Common Pleas of Logan County, Ohio, Case No. DR 12 09 0150. (ECF No. 6-1, PAGEID # 20.)  In that state court case, Rebecca Tretola, represented by attorney Sheila Minnich, is seeking a divorce from her husband, Dr. Robert Tretola.  In this federal court case, Dr. Tretola alleges in his *pro se* complaint that his estranged wife and her counsel have filed false affidavits with the state court, which he avers is biased against him.  He asserts that the state court has denied him due process by freezing a retirement account, which purportedly resulted in significant financial hardship and damage to his name and credit.  (ECF No. 2.)

Defendant Minnich has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 4), and Defendants Minnich and Rebecca Tretola have also filed a joint motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6) (ECF No. 6).  Briefing has closed on the motions, which are ripe for disposition.

## II. Discussion

Defendants move this Court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1).  When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction.  *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).  Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks.  A facial attack on subject matter jurisdiction challenges whether a plaintiff has properly alleged a basis for proper subject matter jurisdiction, and a district court must regard the allegations of the complaint as true.  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  In contrast, a factual attack is a challenge to the factual existence of subject matter jurisdiction.  No presumptive truthfulness applies to the factual allegations, and a district court may weigh the evidence in ascertaining whether jurisdiction exists.  *Id*.  The motions present a facial attack on jurisdiction.

This Court can exercise jurisdiction based on diversity under 28 U.S.C. § 1332 or based on the existence of a federal question under 28 U.S.C. § 1331.  The former statute provides that district courts have subject-matter jurisdiction in an action that meets two basic conditions: (1) the amount in controversy must exceed $75,000, and (2) there must be complete diversity, meaning that no defendant is a citizen of the same state as the plaintiff.  28 U.S.C. § 1332.  This is problematic for Dr. Tretola because he pleads Ohio addresses for himself and for Defendants.

2

In his complaint, Dr. Tretola does not assert that diversity jurisdiction is based upon the defendants in the case having diverse citizenship. Rather, he pleads that this Court has jurisdiction because the firm with which he has his retirement account is an international company. (ECF No. 2, PAGEID # 5.) But that firm is not a named party in this action. The fact that the account in question is held at an international firm is thus not relevant to the jurisdiction issue. Based on the addresses of the parties as pled, no diversity jurisdiction exists.

This leaves federal question jurisdiction. 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction in "all civil actions arising under the Constitutions, laws, or treaties of the United States." This standard is also problematic for Dr. Tretola because he has failed to plead any federal claim. Although his *pro se* complaint is not a model of clarity—it violates Federal Ruled of Civil Procedure 8 and 10 in numerous ways—this Court can discern that Dr. Tretola has attempted to plead fraud by Defendants. This is a state law claim that does not invoke federal question jurisdiction.

The Court recognizes that Dr. Tretola also references violation of his due process rights by the state court in his complaint. Dr. Tretola does not expressly mention 42 U.S.C. § 1983 in the pleading, but even if he intended to assert a claim under this statute, there are no factual allegations pled even suggesting that Defendants are the requisite state actors who might be subject to liability under § 1983.[1] A district court will assume original jurisdiction under § 1331

---

[1] In his memorandum in opposition to the motions to dismiss, Dr. Tretola sets forth several factual allegations that are not in the complaint. The Court cannot consider these allegations as informing the motions to dismiss. *See United States v. Medquest Assocs., Inc*., 702 F. Supp. 2d 909, 918 n.2 (M.D Tenn. 2010) (" 'It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.' " (quoting *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1007 (7th Cir. 1984))). Additionally, Dr. Tretola offers in his memorandum in opposition to add the state court and its judge to this action if that would confer federal jurisdiction. It is not the role of this Court to provide a party with legal advice on how to proceed, and Dr. Tretola's contingent offer does not amount to a motion to amend.

" 'only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.' " *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (quoting *Thornton v. SW. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)). Neither situation exists here.  There is also a lack of federal question jurisdiction.

Even if jurisdiction existed, the Court notes that it is questionable whether it should proceed in entertaining this matter under the *Younger* abstention doctrine.  This doctrine "prevents federal courts from interfering with ongoing state proceedings 'when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief.' " *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998) (quoting *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)).  It is applicable when a state proceeding "(1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff adequate opportunity to raise constitutional claims." *Id.* at 1074.

Here, it is arguably unclear whether Dr. Tretola asks this Court to involve itself in the ongoing state court case.  A fair reading of his complaint suggests, however, that what he wants is for this Court to disturb the state court's decisions and inject itself into his divorce proceedings.  Such an invitation is improper.  The matter still pending in state court is an action by Rebecca Tretola seeking divorce from her husband, Dr. Tretola.  Divorce and property division have been held to be important state interests.  *See Milgrom v. Burstein*, 374 F. Supp.2d 523, 530 (E.D. Ky. 2005) (citing *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995)).  Further, there is nothing to suggest that Dr. Tretola cannot raise his due process concerns in the state forum (and in the state court of appeals, if necessary).  Therefore, even if this Court were to assume *arguendo* that jurisdiction exists, the fact that part of the relief Dr. Tretola apparently seeks

would intrude upon the state court proceedings would lead this Court to decline to exercise jurisdiction.

### III.     Conclusion

The Court **GRANTS** Defendants' motions to dismiss.  (ECF Nos. 4, 6.)  The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE